[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13982
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00417-WKW-SRW

STATE OF ALABAMA,

                                        Plaintiff - Appellee,

versus

STEVEN THOMASON,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 4, 2017)

Before HULL, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Steven Thomason, proceeding pro se, appeals the district court's order remanding his state criminal prosecution to the Circuit Court of Elmore County, Alabama. Thomason sought removal under 28 U.S.C. § 1443(1), which allows defendants to remove state actions under narrow circumstances where necessary for the protection of civil rights. After careful review, we affirm.

## I.  BACKGROUND

### A.    Criminal Complaint

On October 2, 2014, the Alabama Home Builders Licensure Board (the "Board") initiated a criminal action against Thomason in the District Court of Elmore County, Alabama. See Ala. Code. § 34-14A-14 (providing that the Board may undertake a criminal complaint procedure for violations of the home building licensure law). The criminal complaint accused Thomason of engaging in residential home building without a license in violation of § 34-14A-14 of the Alabama Code.

The criminal complaint alleged that in March 2014, Thomason and a homeowner entered into a contract for residential home building in Millbrook, Alabama. After Thomason sought to collect the money owed under this contract,

the homeowner filed a complaint against Thomason with the Board, precipitating the Board's criminal prosecution.[1]

On January 20, 2015, Thomason was convicted and sentenced in the District Court of Elmore County. Thomason received a suspended sentence of ten days' imprisonment and was ordered to complete twelve months' unsupervised probation and pay a fine. On January 23, 2015, Thomason appealed for a de novo trial in the Circuit Court of Elmore County.

## B.    First Attempted Removal in 2015

On May 15, 2015, Thomason filed his first notice of removal in the United States District Court for the Middle District of Alabama. In that initial notice, Thomason sought removal of his criminal case and cited 28 U.S.C. §§ 1331, 1367, 1441, 1443, and 1446.

On May 22, 2015, the district court sua sponte remanded Thomason's criminal case to the Circuit Court of Elmore County. In its remand order, the district court reasoned that the statutes pertaining to removal of civil actions were inapplicable to Thomason's criminal case. The district court also determined that 28 U.S.C. § 1455 governed the removal of criminal actions and that Thomason's notice of removal was untimely under § 1455.

---

[1]In June 2014, Thomason applied to the Board for a residential home builder's license. The Board determined that Thomason's application was incomplete for several reasons. It is unclear from the record how the Board ultimately resolved Thomason's application.

3

## C.    Second Attempted Removal in 2016

On June 6, 2016, Thomason filed a second notice of removal, this time relying on 28 U.S.C. §§ 1332 and 1443 as grounds for federal jurisdiction. Principally, Thomason argued that the state criminal prosecution infringed upon his right to make and enforce contracts as guaranteed by 42 U.S.C. § 1981.[2] Thomason alleged that the Board denied him a home builder's license on the basis of his race and he was unable to enforce his equal contract rights in the Elmore County criminal proceedings.  Thomason asserted that, under these circumstances, the state criminal action against him was removable pursuant to 28 U.S.C. § 1443(1).

As additional support for removal of his state criminal action, Thomason argued:  (1) that the Elmore County prosecution was punishment for his exercise of the right to make and enforce contracts; (2) that the state criminal complaint against him was unconstitutionally vague, overbroad, and racially discriminatory; (3) that his criminal prosecution was barred by prior rulings of the Circuit Court of Montgomery County, Alabama, in which he was acquitted of similar charges; (4) that his arrest was unsupported by probable cause; (5) that the evidence against him in the Elmore County prosecution was false or fraudulent; (6) that he was

---

[2]In his notice of removal, Thomason also cited 42 U.S.C. § 1982 (providing for damages in cases of intentional racial employment discrimination) and 42 U.S.C. § 2000a (prohibiting discrimination and segregation in places of public accommodation).  Thomason does not explain, however, how he has been denied or is unable to enforce any rights guaranteed by these statutes.

4

denied access to counsel in state court; (7) that the Elmore County prosecution lacked factual justification; (8) that the Board exerted undue influence on the Elmore County state court; and (9) that the Elmore County prosecution was retaliation for his acquittal on similar charges in Montgomery County.

On June 20, 2016, the district court sua sponte remanded Thomason's case to the Circuit Court of Elmore County. The district court's order gave several independent and alternative grounds for the remand. We outline two of them.

The district court determined that it lacked jurisdiction over the state's criminal action against Thomason because (1) the Alabama licensure requirement in § 34-14A-14 of the Alabama Code is a facially neutral law of general applicability, (2) Thomason failed to demonstrate that he is unable to enforce his 42 U.S.C. § 1981 equal civil contract rights in the Elmore County tribunal, and thus, (3) Thomason's criminal case did not comply with the requirements of 28 U.S.C. § 1443(1).

Alternatively, the district court noted that the state criminal action against Thomason was due to be remanded to state court because Thomason's June 6, 2016 notice of removal did not meet § 1455(b)'s requirements for a second notice of removal. See 28 U.S.C. § 1455(b)(2) ("[A] second notice [of removal] may be filed only on grounds not existing at the time of the original notice.").

On June 23, 2016, Thomason timely filed an appeal.[3]

## II.  DISCUSSION

On appeal, Thomason submits that the district court erred in remanding the state's criminal prosecution against him back to the Circuit Court of Elmore County.[4]  We disagree.  As discussed below, the district court correctly determined that Thomason failed to show that removal was appropriate under 28 U.S.C. § 1443(1).[5]

### A.    28 U.S.C. § 1443(1)

The civil rights removal statute in § 1443 provides for the removal of state court actions under narrow circumstances where equal civil rights are denied and not recognized.  Specifically, under § 1443(1),[6] the defendant in a civil or criminal

---

[3]On June 24, 2016, a day after filing a notice of appeal, Thomason filed another "Notice of Removal" in the district court.  The district court construed this filing as a motion for relief from its June 20, 2016 order of remand.  In a July 20, 2016 order, after noting that Thomason's June 24, 2016 filing could not serve as a third notice of removal, the district court determined that Thomason was not entitled to relief from the order on remand.

Thomason did not amend his notice of appeal to include the district court's July 20, 2016 order.  Nor did Thomason file a second notice of appeal referencing this later order.  Accordingly, Thomason waived any appellate challenge to that post-remand order.  See Weatherly v. Ala. State Univ., 728 F.3d 1263, 1271 (11th Cir. 2013).

[4]We review de novo whether the district court had subject matter jurisdiction after removal.  Castleberry v. Goldome Credit Corp., 408 F.3d 773, 780-81 (11th Cir. 2005).

[5]To the extent that Thomason contends that his criminal case is removable under 28 U.S.C. § 1332, his argument is without merit.  Section 1332 only allows for removal of civil actions.  28 U.S.C. § 1332(a).

[6]A different provision of the civil rights removal statute allows for removal of state court actions brought against officers acting or refusing to act under color of any law providing for equal civil rights.  28 U.S.C. § 1443(2).  That provision is not implicated here.

6

state court action may remove the case to federal district court where the defendant "is denied or cannot enforce" in state court "a right under any law providing for . . . equal civil rights." 28 U.S.C. § 1443(1).

A defendant seeking removal under § 1443(1) must satisfy a two-part test. Georgia v. Rachel, 384 U.S. 780, 788, 86 S. Ct. 1783, 1788 (1966). First, the defendant must show that the removal is predicated upon a federal law "providing for specific civil rights stated in terms of racial equality." Id. at 792, 86 S. Ct. at 1790. Second, the removing defendant must establish that he has been denied or is unable to enforce that civil right in the state court. Id. at 794, 86 S. Ct. at 1791.

As to Rachel's first prong, 42 U.S.C. § 1981 qualifies as a law providing for equal civil rights within the meaning of § 1443(1). See City of Greenwood v. Peacock, 384 U.S. 808, 825, 86 S. Ct. 1800, 1811 (1966) ("[W]e may proceed here on the premise that at least the two federal statutes specifically referred to in the removal petition, 42 U.S.C. [§] 1971 and 42 U.S.C. [§] 1981, do qualify under the statutory definition [in § 1443(1)]."); Alabama v. Conley, 245 F.3d 1292, 1296 (11th Cir. 2001).

We focus on Rachel's second prong: whether Thomason has shown that he was denied or is unable to enforce his § 1981 equal contract rights in his state criminal prosecution. To satisfy this second prong, the defendant seeking removal must show that there is a basis from which the federal court can make a "firm

prediction" that the defendant will be denied or cannot enforce his civil rights in state court.  Rachel, 384 U.S. at 804, 86 S. Ct. at 1796.

Ordinarily, removal under 28 U.S.C. § 1443 is appropriate only where the denial of the defendant's equal civil rights is "manifest in a formal expression of state law." Conley, 245 F.3d at 1296 (quoting Rachel, 384 U.S. at 803, 86 S. Ct. at 1796).  Put another way, in the paradigmatic case, removal is proper where a facially discriminatory state law authorizes the denial of the defendant's civil rights.  In such circumstances, the federal removal court readily can predict that state courts applying the state law will disregard the defendant's civil rights.  See Rachel, 384 U.S. at 804, 86 S. Ct. at 1796 (discussing the Strauder-Rives doctrine, which emerged from the Supreme Court's interpretation of § 1443(1)'s statutory progenitor).

In Rachel, the Supreme Court did recognize that, even where the state law at issue is facially neutral, § 1443(1) removal may occur if the defendant has shown that "the very act of bringing the state court proceedings will constitute a denial of the [equal civil] rights conferred by the federal statute." See Conley, 245 F.3d at 1296.

The defendants in Rachel faced state-court prosecution for criminal trespass in Georgia after refusing to leave restaurants that would not serve black diners. See 384 U.S. at 782-83, 86 S. Ct. at 1785.  In Hamm v. City of Rock Hill,

however, the Supreme Court had already held that the federal Civil Rights Act of 1964 prohibits state criminal trespass prosecutions based on the defendant's choice to remain in a place of public accommodation after the owner or operator asked the defendant to leave because of his race.  379 U.S. 306, 311, 85 S. Ct. 384, 389 (1964).  Thus, although the Georgia criminal trespass statute was facially neutral, the state of Georgia's very act of bringing the criminal trespass actions resulted in denial of the defendants' equal civil rights.  Rachel, 384 U.S. at 804, 86 S. Ct. at 1796-97.  In light of Hamm, the federal removal court in Rachel could predict readily that the state's criminal trespass prosecutions were denying the defendants their equal civil rights.  Id. at 805, 86 S. Ct. at 1797.

**B.    Analysis of Thomason's Attempted Removal**

Thomason's is not a case involving a facially discriminatory state law. Rather, § 34-14A-14 of the Alabama Code—under which Thomason was prosecuted—is facially neutral.  See Ala. Code § 34-14A-14 ("Any person who undertakes . . . the business of residential home building without holding a current and valid residential home builders license . . . shall be deemed guilty of a Class A misdemeanor.").  Accordingly, Thomason's prosecution thereunder can be removed under § 1443(1) only if he can show that the mere pendency of a § 34-14A-14 criminal action against him will result in the denial of his civil rights.  See Conley, 245 F.3d at 1296.

9

Thomason fails to make such a showing here. Put simply, there is no indication in the record, in Thomason's brief, or in the applicable law that the mere initiation of a § 34-14A-14 criminal prosecution against Thomason denies his § 1981 rights. Unlike in Rachel, here there is no statute or rule of decision suggesting that the state's bringing a criminal action for home building without a license, without more, prevents Thomason from exercising or defending his equal civil right to make and enforce contracts. See Rachel, 384 U.S. at 804-05, 86 S. Ct. at 1796-97.

The district court correctly determined that it could not, under these circumstances, make a "clear prediction" that Thomason would be unable to enforce his federal civil rights in the course of the state court prosecution. See id. at 805, 86 S. Ct. at 1797. Thus, under Rachel, Thomason failed to show that his action is removable pursuant to 28 U.S.C. § 1443(1).

We reject Thomason's contentions that his case is removable under § 1443(1) because of his allegations that (1) the Board exerts undue influence over the state court, (2) the state court is corrupt, (3) his prosecution was brought for the purpose of harassment and intimidation, (4) he is immune from prosecution under a grandfathering exception to the state licensure requirement, (5) he cannot be convicted under the state licensure law because he operated as a sub-contractor for the homeowner acting as home builder, (6) his arrest lacked probable cause, and

10

(7) the Board discriminates against black contractors in the issuance of residential building licenses.  Such allegations are insufficient to support removal under § 1443(1).  City of Greenwood, 384 U.S. at 827, 86 S. Ct. at 1812 ("It is not enough to support removal under [§] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.").

Nor is Thomason entitled to § 1443(1) removal based on the dismissal of a similar action against him in Montgomery County, Alabama.  We need not, and do not, decide how principles of res judicata apply in this scenario.  This is because such preclusion principles do not constitute rules of federal law stated in terms of racial equality as required for removal under 28 U.S.C. § 1443(1).  See Rachel, 384 U.S. at 792, 86 S. Ct. at 1790.  Rather, they are broad principles stated in terms of general application and apply to all persons regardless of race.  See id.  The allegation that Thomason's Elmore County prosecution might be barred by the dismissal of his Montgomery County prosecution does not establish that Thomason's Elmore County prosecution would result in the denial any racially-stated equal civil right as required by § 1443(1).

11

For the same reason, we are unpersuaded by Thomason's argument that he is entitled to removal because of his claim that § 34-14A-14 of the Alabama Code is unconstitutional under the Contract Clause.  See U.S. Const. art. I, § 10, cl. 1.  The Contract Clause, like any other broad constitutional principle, does not give rise to any right stated in terms of racial equality as required by § 1443(1).  See Rachel, 384 U.S. at 792, 86 S. Ct. at 1790 (rejecting the defendants' contentions that their cases were removable under § 1443(1) because the state prosecution denied them their rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment).  Thomason is free to raise such a claim before the state court presiding over his criminal action.  At any rate, because Thomason failed to raise this Contract Clause argument before the district court, we need not address it on appeal.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1332 (11th Cir. 2004).

## C.    Requirements for Second Notice of Removal

Alternatively, we note that Thomason did not challenge on appeal the district court's determination that the state's criminal case against him was due to be remanded for failure to comply with the procedural requirements for second notices of removal set forth in 28 U.S.C. § 1455.  On appeal, Thomason only argues that the district court erred in determining that it lacked federal removal jurisdiction under § 1443(1).  We thus affirm the district court's order of remand to

12

the extent that it determined that Thomason failed to comply with § 1455(b)(2)'s requirements regarding second notices of removal in criminal cases. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect.").

## III.  CONCLUSION

Accordingly, we affirm the district court's order remanding the state's criminal prosecution against Thomason to the Circuit Court of Elmore County, Alabama.

**AFFIRMED.**